IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 5, 2022

## MARKIST COLE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-21-135          Roy B. Morgan, Jr., Judge**

_____

### No. W2021-00973-CCA-R3-PC
_____

The Petitioner, Markist Cole, appeals the dismissal of his petition for post-conviction relief. He asserts that due process considerations warranted the tolling of the one-year statute of limitations mandated by Tennessee Code Annotated section 40-30-102(a). Following our review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and TIMOTHY L. EASTER, JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the Defendant-Appellant, Markist Cole.

Herbert H. Slatery III, Attorney General and Reporter; Hannah-Catherine Lackey, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.


## OPINION

The Petitioner was convicted of attempted second degree murder, aggravated assault, employing a firearm during the commission of a dangerous felony, and reckless endangerment as the result of his shooting a convenience store clerk after the clerk refused to sell him tobacco because he did not have identification. State v. Markist Cole, No. W2019-00079-CCA-R3-CD, 2020 WL 1547845, at *1 (Tenn. Crim. App. Apr. 1, 2020). The trial court imposed a total effective sentence of sixteen years' imprisonment, and this court affirmed the judgments on direct appeal. Id. at *9, *13. The Petitioner submitted a petition for post-conviction relief to the prison mailroom on May 21, 2021, which the clerk's office did not receive and file until May 27, 2021. The post-conviction court appointed counsel on May 28, 2021.

On August 16, 2021, the post-conviction court held a hearing to address the timeliness issue of the Petitioner's petition. At the hearing, the Petitioner testified that following his direct appeal, his counsel, who had represented him at trial and on appeal, sent him a letter stating that he no longer represented him. The Petitioner further testified that while imprisoned at the West Tennessee State Penitentiary, he was "on lockdown 23 hours a day[,]" and the library was closed, assumedly due to the COVID-19 pandemic. The Petitioner was transferred to Morgan County in October 2020, where the library was also closed. In "April or May" of 2021, the Petitioner "filled out some request forms" for "help with [his] legal work." The Petitioner testified that "about two or three weeks later, they come with it, they g[a]ve it to [him]," and he filled it out. He then filled out a request form to get the petition notarized, which took "two to three weeks[.]" He clarified that he "prepar[ed] [his] post-conviction petition" on April 22, 2021. When asked if he understood that he was testifying that he "didn't start it until after the statute had run[,]" the Petitioner responded that he had filed the request for legal help in "late February[,]" but his pod was not given "full attention" because they were the "trouble pod[.]" He went on to say that his pod "did stuff" to "get on lockdown." He asked his mother and grandmother to "call up to the prison" to help get his petition notarized. When the notary gave him back his notarized petition, the Petitioner gave him the petition in an envelope to mail the same day, which the Petitioner agreed occurred in May. The Petitioner reiterated that he had no access to the library.

On cross-examination, the Petitioner agreed that he was able to receive the letter from his original counsel stating that he no longer represented the Petitioner. He confirmed that he was "able to receive [his] legal mail[ and] able to send it out." He further stated that "[e]verybody [was] able to get their mail." The Petitioner also agreed that he was able to call "the ten [telephone] numbers on [his] list[,]" including his mother and grandmother, while in Morgan County. He testified that "nobody w[ould] communicate with him[,]" explaining that "[t]hey jumped [him], didn't feed [him] for two days, wasn't even giving [them their] legal work." The Petitioner stated that he could "fill out a request form" to contact a prison official to ask for documents, but it was "up to them if they responded."

Following the hearing, the post-conviction court dismissed the petition as time-barred. The post-conviction court noted that the Petitioner did not present any proof from prison officials regarding his alleged lockdown, testified that he had the ability to call ten people, and was able to send and receive mail. Further, the post-conviction court found that the one-year statute of limitations ended on April 1, 2021, but the Petitioner, by his own testimony, did not begin preparing the petition until April 22, 2021. The post-conviction court also noted that the Petitioner testified that his pod was in lockdown due to the pod's actions. Ultimately, the post-conviction court found that the Petitioner did not raise any statutory exception to the one-year statute of limitations. This timely appeal followed.

## ANALYSIS

On appeal, the Petitioner's argument in its entirety states that "to dismiss the [p]etition without the opportunity to offer additional proof before the [c]ourt would violate his due process rights afforded to him under the Fourteenth Amendment to the United States Constitution." The State responds that the post-conviction court properly dismissed the petition as time-barred and that due process did not toll the statute of limitations. We agree with the State.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgement of a constitutional right. Tenn. Code Ann. § 40-30-103. A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. Id. § 40-30-102(a). "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Id. Moreover, "[t]ime is of the essence of the right to file a petition for post-conviction relief . . . and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Id. If it plainly appears on the face of the post-conviction petition that the petition was filed outside the one-year statute of limitations the trial court must summarily dismiss the petition. Id. § 40-30-106(b). In addition, "[i]f, on reviewing the petition, the response, files, and records, the court determines conclusively that the petitioner is entitled to no relief, the court shall dismiss the petition." Id. § 40-30-109(a) (2006).

In the instant case, the Petitioner was required to file his post-conviction petition by April 1, 2021. He did not file the petition until May 27, 2021, almost two months after the one-year statute of limitation expired. While Tennessee Code Annotated section 40-30-102(b) provides three exceptions to the statute of limitations for petitions for post-conviction relief, none are applicable to this case. Instead, the Petitioner relies on due process considerations to toll the statute of limitations for post-conviction relief.

A post-conviction petitioner is entitled to due process tolling of the statute of limitations upon a showing "(1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." Bush v. State, 428 S.W.3d 1, 22 (Tenn. 2014) (citing Whitehead, 402 S.W.3d 615, 621, 631 (Tenn. 2013)). To pursue one's rights diligently "'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts [to pursue his or her claim].'" Id. (quoting Whitehead, 402 S.W.3d at 631). However, due process tolling "'must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to

enforce the limitation period against the party and gross injustice would result.'" Id. (quoting Whitehead, 402 S.W.3d at 631-32). "The question of whether the post-conviction statute of limitations should be tolled is a mixed question of law and fact that is . . . subject to de novo review." Id. at 16 (citing Smith v. State, 357 S.W.3d 322, 355 (Tenn. 2011)); Whitehead, 402 S.W.3d at 621.

As grounds for tolling, the Petitioner apparently asserts that he should have been afforded an evidentiary hearing to present proof regarding the timeliness of his petition. We note that prior to the Petitioner's testifying at the hearing to address the timeliness of his motion, the post-conviction court discussed multiple times that documentation from the prison authorities confirming the alleged lockdown would be beneficial to the Petitioner because the petition was otherwise time-barred if the post-conviction court could not find an exception. The Petitioner did not present such proof at the hearing but relied on his own testimony. By his own sworn testimony, the Petitioner was able to send and receive mail, make phone calls, and request legal help. He testified that his pod was on lockdown because it "did stuff" and was the "trouble pod." The Petitioner testified that he did not begin trying to file a petition for post-conviction relief until April 22, 2021, after the statute of limitations had already run, though he altered the timeline to February when he was asked if he realized what he was testifying to. Under these facts, the Petitioner cannot be said to have diligently pursued his rights as required under the first prong of the Whitehead test. Even if under lockdown, the Petitioner, by his own admission, was able to file a request for legal help, send and receive legal mail, and was even able to ask for his family's help via telephone when he had trouble getting paperwork notarized. The Petitioner has failed to establish that he was prevented from timely filing his petition by anything other than his own inaction and is not entitled to due process tolling. The Petitioner is not entitled to relief.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. MCMULLEN, JUDGE

- 4 -